NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**In Re KANGXI COMMUNICATION
TECHNOLOGIES (SHANGHAI) CO., LTD.,**
*Petitioner*

_____

2026-115

_____

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2025-00372 and IPR2025-00373.

_____

**ON PETITION AND MOTION**

_____

Before STOLL, WALLACH, and CUNNINGHAM, *Circuit Judges*.

WALLACH, *Circuit Judge*.

### O R D E R

Kangxi Communication Technologies (Shanghai) Co., Ltd. ("KCT") petitions this court for a writ of mandamus challenging the denial of its requests for institution of *inter partes* review ("IPR") of Skyworks Solutions, Inc.'s patents. The Director of the United States Patent and Trademark Office ("PTO") and Skyworks oppose the petition.

Between when KCT sought IPR in January 2025 and when its petitions were acted on in July 2025, the

2    IN RE KANGXI COMMUNICATION TECHNOLOGIES CO., LTD.

Director's guidance on institution had shifted.  At the time of filing, interim guidance was in place that IPR institution would not be denied based on parallel proceedings.  Appx15.  But in February and March of 2025, the then-Acting Director rescinded that guidance and directed that parties address all relevant considerations, including "[s]ettled expectations of the parties, such as the length of time the claims have been in force."  Appx48–55.

Following that rescission, the PTO declined to institute on KCT's IPR petitions, noting that "it is unlikely that final written decisions in these [IPR] proceedings will issue before the final determination" in parallel International Trade Commission proceedings between the parties, that "the challenged patents have been in force for more than 7 and 14 years, . . . creating strong settled expectations," and that KCT had failed to show review would be an "appropriate use of [PTO] resources under these circumstances."  Appx2.

KCT now seeks a writ of mandamus directing the PTO to vacate the denial of institution and "consider institution" under "the rules and guidance in force when the petitions were filed" in January 2025.  Pet. at 26.  KCT also asks the court to issue a writ "striking down the 'settled expectations' rule in its entirety."  *Id.*  Alternatively, KCT asks the court to issue a writ of mandamus directing the PTO to refund KCT's filing fees.  *Id.*

Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes."  *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted).  A petitioner seeking mandamus relief must ordinarily satisfy three requirements: (1) a clear and indisputable right to relief; (2) a lack of adequate alternative means to obtain the relief sought; and (3) a showing that issuance of the writ is appropriate under the circumstances.  *Id.* at 380–81.  KCT has not established entitlement to such relief here.

KCT contends that the use of settled expectations as a factor in IPR institution exceeds the PTO's statutory authority and violates procedural protections guaranteed by the Administrative Procedure Act. This court recently considered and rejected similar challenges, *see In re Cambridge Indus. USA Inc.*, No. 2026-101, 2025 WL 3526129 (Fed. Cir. Dec. 9, 2025); *In re Sandisk Techs., Inc.*, No. 2025-152, 2025 WL 3526507 (Fed. Cir. Dec. 9, 2025), and we see no basis for reaching a different outcome here.

At a minimum, KCT has failed to adequately demonstrate that its statutory challenge is reviewable. 35 U.S.C. § 314(d); *see Thryv, Inc v. Click-To-Call Techs., LP*, 590 U.S. 45, 53, (2020) (35 U.S.C. § 314(d) bars review "where the grounds for attacking the decision to institute inter partes review consist of questions that are closely tied to the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review." (quoting *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 274–75 (2016))*; Apple Inc. v. Vidal*, 63 F.4th 1, 11–12 (Fed. Cir. 2023) (holding that challenges to "the content of the Director's institution instructions . . . focus directly and expressly on institution standards" and are thus unreviewable). Nor has KCT demonstrated, for purposes of its notice-and-comment challenge, that a district court suit is not "an available avenue to raise this same challenge." *In re Motorola Sols., Inc.*, 159 F.4th 30, 38 (Fed. Cir. 2025).

We also cannot say KCT has shown that the PTO violated the Due Process Clause by accepting payment of the filing fees and then not limiting its review to the interim guidance in place when KCT's petitions were filed in January 2025. *See In re Motorola*, 159 F.4th at 37–38 (holding that even if petitioner relied on the same prior interim guidance "when it undertook the expense of filing the petitions," "that reliance alone is insufficient to establish a constitutional violation" (quoting *United States v. Carlton*, 512 U.S. 26, 33 (1994))).

4        IN RE KANGXI COMMUNICATION TECHNOLOGIES CO., LTD.

Finally, KCT has failed to show a clear right to a refund of any filing fees or that our intervention by way of mandamus relief is the only means by which to obtain such relief. *See* Director's Resp. at 23–24 (noting that petitioner can request a refund of at least any post-institution fee).

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is denied.

(2)  The unopposed motion for leave to file a brief amici curiae is granted, and the corresponding brief is accepted for filing.

FOR THE COURT

February 24, 2026
Date

Jarrett B. Perlow
Clerk of Court